UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOMAS C. RICHARDSON,

    Petitioner,

v.                                                       Case No. 4:20cv547-WS-HTC

MARK S. INCH,[1]

    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner, Thomas C. Richardson, a state prisoner at Union Correctional Institution, filed an amended petition under 28 U.S.C. § 2254, challenging his sentences in several 1989 cases in Leon and Gadsden County. ECF Doc. 12. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636, N.D. Fla. Loc. R. 72.2(B) and Habeas Rule 4. Upon review, it plainly appears from the amended petition that the Petitioner is not entitled to relief in this Court because the action is untimely filed. Therefore, the undersigned respectfully recommends that the amended petition be dismissed.

---

[1] Richardson also names the Florida Attorney General as a respondent. However, when a petitioner is incarcerated in a Florida Department of Corrections facility and challenges his present physical confinement "the proper respondent is the Secretary of the Florida Department of Corrections." *Diaz v. Sec'y, DOC*, 2020 WL 708128, at *1 (M.D. Fla. Feb. 12, 2020) (citing *Rumsfield v. Padilla*, 542 U.S. 426, 435 (2004)). Therefore, Ashley Moody will be terminated as a respondent.

## I. BACKGROUND

Petitioner initiated this action by filing a petition under 28 U.S.C. § 2241 on November 16, 2020 by delivery to prison mail officials at Union Correctional Institution. ECF Doc. 1 at 1. Because Petitioner argued his sentence was "in excess of the maximum authorized by law" and asked the Court to "vacate the sentence by the laws of the federal courts," *id.* at 8, the Court instructed him that his claims must be brought under 28 U.S.C. § 2254, sent him the appropriate form, and directed him to file an amended petition by December 31, 2020. ECF Doc. 3. On February 4, 2021, in response to a show cause order, Richardson filed an amended petition, which is the subject of this Order and Report and Recommendation. ECF Doc. 10.

## II. LEGAL STANDARD

Under Habeas Rule 4, the Court must promptly examine the habeas petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." As explained below, the undersigned has done so and finds this case is untimely under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), and no exception excuses the untimeliness.

Under the AEDPA, a § 2254 petition must be filed within one year of certain "trigger dates." 28 U.S.C. 2244(d)(1). Here, the applicable trigger date is "the date

Case No. 4:20cv547-WS-HTC

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. at § 2244(d)(1)(A). Additionally, the limitations period is tolled for the time during which a "properly filed" application for postconviction relief or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2).

## III. DISCUSSION

Petitioner challenges his 1989 judgments and sentences in Gadsden County case 1989 CF 279 and Leon County case 1989 CF 1458, arguing that the circuit courts departed upward beyond his guidelines ranges of 17 to 22 years without explanation, thus depriving him of due process of law. ECF Doc. 12 at 10-11. A review of his state court records[2] reveals this petition is untimely, and Richardson appears to admit as much.

Richardson was sentenced on February 22, 1990 in Leon County case 1989 CF 1458 and on November 7, 1989 in Gadsden County case 1989 CF 279. He was sentenced in each case to a life sentence, and the docket in 1989 CF 279 indicated that it was concurrent to any sentence in 1989 CF 1458 in Leon County. He did not

---

[2] In determining whether to dismiss a habeas petition under Rule 4, a court may properly take judicial notice of the state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court records. Additionally, the undersigned will instruct the clerk to post as exhibits to this Report and Recommendation the state court dockets which the undersigned considered in recommending this dismissal. *Paez*, 947 F.3d at 649 ("We think the best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them.").

file a direct appeal in either case.[3]  Therefore, his Gadsden County conviction became final on December 7, 1989, when the 30-day appeal period expired, and his Leon County conviction became final on March 26, 1990 (since the 30-day period expired on a Saturday, March 24, 1990). *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012); Fla. R. App. P. 9.140(b)(3) ("The defendant shall file the notice prescribed by rule 9.110(d) with the clerk of the lower tribunal at any time between rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (if a defendant does not appeal the conviction or sentence, judgment becomes final when the 30-day period for filing a direct appeal expires).

Therefore, under the AEDPA, Richardson had – at the latest -- until March 26, 1991 to file his federal petition, unless a pending state application for postconviction relief tolled the one-year time period under 28 U.S.C. § 2244(d)(2). A review of the state court dockets, however, shows that Petitioner did not file any postconviction motions between December 7, 1989 and March 26, 1991, which would have tolled the AEDPA clock.

In his Gadsden County case, the docket sheet shows no application for postconviction review pending between 1989 and September 3, 2009, when

---

[3] Although Petitioner states in the petition he filed an appeal of the judgment, the state court dockets show that the appeals he filed were in 2009, First DCA 1D09-5130 and 1D09-6096, and were appeals of the denial of his 3.800 motion, and not a direct appeal of the judgment.

Case No. 4:20cv547-WS-HTC

Petitioner filed a motion for correction, reduction, or modification.  His Leon County case shows no application for postconviction review pending between his February 22, 1990 sentencing and September 2, 2009, when a 3.850 motion was docketed.  *See* online docket sheets docketed as attachments to this Report and Recommendation.  Also, a review of the attached First DCA and Florida Supreme Court online dockets (also docketed as exhibits to this Report) shows no application for postconviction review was pending in those courts between 1990 and 1997.

Therefore, the AEDPA deadline expired on March 26, 1991, and subsequent post-conviction filings did not revive that deadline.  *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it."); *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where a state court application for post-conviction relief is filed after the one-year statute of limitations has expired, it does not toll the statute because no time remains to be tolled).  Because Petitioner did not initiate this action until November 2020, the petition is untimely.

Petitioner admits the petition is untimely but argues in his memorandum in support that his untimeliness can be excused because he can show that he is "actually innocent" of a sentence of life imprisonment.  ECF Doc. 12-1 at 2-5.  The undersigned disagrees.  Under the actual innocence exception, a movant's procedural default is excused if he can show he is actually innocent either of the crime of

conviction or, at least in the *capital* sentencing context, of the sentence itself.[4] *See Dretke v. Haley,* 541 U.S. 386, 388 (2004).

However, the Eleventh Circuit has made clear that "for purposes of the actual innocence exception, 'actual innocence' means *factual* innocence, not mere legal insufficiency." *McKay v. United States*, 657 F.3d 1190, 1197–98 (11th Cir. 2011) (citing *Bousley v. United States,* 523 U.S. 614, 623 (1998)); *Sawyer,* 505 U.S. at 339 ("[T]he miscarriage of justice exception is concerned with actual as compared to legal innocence."); *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir.2001). This is true whether the allegation of actual innocence is of the crime or of the sentence. *Bousley,* 523 U.S. at 623 (involving claim of actual innocence of the crime); *Sawyer,* 505 U.S. at 339, (involving claim of actual innocence of the sentence).

---

[4] As Petitioner points out in his memorandum, it is not at all clear the actual innocence exception in capital cases created by *Sawyer v. Whitley*, 505 U.S. 333 (1992) extends to non-capital cases. ECF Doc. 12-1 at 2-3; *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011) ("Neither the Supreme Court nor this Court has yet ruled on whether *Sawyer*'s actual innocence of sentence exception extends to the noncapital sentencing context. Several of our sister circuits, however, have spoken on the issue but have reached divergent conclusions."). Moreover, Richardson does not acknowledge later Eleventh Circuit precedent holding that the *Sawyer* exception did not survive passage of the AEDPA even for capital cases. *See Bowles v. Sec'y, Fla. Dep't of Corr.*, 935 F.3d 1176, 1182 (11th Cir.), *cert. denied sub nom. Bowles v. Inch*, 140 S. Ct. 26 (2019) ("we have rejected that argument and 'made clear that AEDPA forecloses the Sawyer exception in all circumstances, including § 2254 challenges to state death sentences.'") (citing *In re Hill*, 715 F.3d 284, 301 (11th Cir. 2013)); *In re Hill*, 777 F.3d 1214, 1225 (11th Cir. 2015) (per curiam) (stating that "Hill's argument that *Sawyer* provides an equitable exception to the restriction on successive § 2254 petitions is similarly foreclosed" because "the *Sawyer* actual-innocence-of-the-death-penalty exception did not survive the AEDPA"). Regardless, even if the "actual-innocence-of-a-life-sentence" exception existed, Richardson has not met the requirements of such an exception, for the reasons given below.

Case No. 4:20cv547-WS-HTC

Richardson alleges purely legal error, he does not allege factual innocence. That is, he does not allege he did not commit the underlying crimes of kidnapping, armed robbery and sexual battery and he does not allege that newly discovered evidence negates the existence of some factual predicate for an enhanced sentence (such as the existence of an aggravating circumstance in a death penalty case.)

Instead, he only alleges that the sentencing judge failed to select the proper "primary offense"[5] when preparing his guidelines sentencing scoresheet recommendation of 17-22 years and therefore improperly departed upward without explanation. ECF Doc. 1 at 16 (State 3.800 motion, Exh. A to Petition). Such an allegation is based on a claim of purely legal error, which does not trigger the actual innocence exception. *See McKay*, 657 F.3d at 1199 (declining to apply actual innocence exception because Petitioner made "the purely *legal* argument that he is actually innocent of his career offender sentence because his prior conviction for

---

[5] Under Florida Rules of Criminal Procedure 3.701(d)(3) "Primary offense" is defined as "the offense at conviction that, when scored on the guidelines scoresheet, recommends the most severe sanction." In the case of multiple offenses, the primary offense is determined in the following manner:
    (A) A separate guidelines scoresheet shall be prepared scoring each offense at conviction as the "primary offense at conviction" with the other offenses at conviction scored as "additional offenses at conviction."
    (B) The guidelines scoresheet that recommends the most severe sentence range shall be the scoresheet to be utilized by the sentencing judge pursuant to these guidelines.
Under subsection (4), "all other offenses for which the offender is convicted and that are pending before the court for sentencing at the same time shall be scored as additional offenses based on their degree and the number of counts of each."

Case No. 4:20cv547-WS-HTC

carrying a concealed weapon should not have been classified as a 'crime of violence' under the Guidelines.") (emphasis in original).

Because Petitioner asserts only a purely legal error in his sentencing, he cannot use the actual innocence gateway to excuse his untimely petition.[6] Therefore, dismissal is appropriate.

## IV.    CONCLUSION

### A.    Sua Sponte Dismissal Is Appropriate

Because this action is untimely under the AEDPA, dismissal is appropriate. A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir.2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R & R") provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. Of Elec. Workers Local Union, 349*, 262 Fed. Appx. 121, 125, 127 (11th Cir. Jan. 8, 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a

---

[6] Procedural default can be excused if one of the two exceptions to the procedural default rule applies. The exceptions are: (1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence. *McKay v. United States*, 657 F.3d 1190, 1196–97 (11th Cir. 2011). Richardson does not argue the cause and prejudice exception; instead, he only asserts actual innocence of his life sentence.

Case No. 4:20cv547-WS-HTC

report recommending the sua sponte granting of summary judgment); *Anderson v. Dunbar Armored, Inc.*, 678 F.Supp.2d 1280, 1296 (N.D.Ga.2009) (noting that R & R served as notice that claims would be sua sponte dismissed).

This Report and Recommendation constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review de novo properly submitted objections. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72; *see also Glover v. Williams*, No. 1:12–CV–3562–TWT–JFK, 2012 WL 5930633, at *1 (N.D.Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

Additionally, the undersigned will also direct the clerk to provide the Secretary and the Attorney General's office a copy of the second amended petition and this Report and Recommendation so that the Secretary will also have an opportunity to respond to the Report and Recommendation, including to inform the Court if he intends to waive the timeliness or lack of exhaustion defenses. *See Paez*, 947 F.3d at 649.

### B.   Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations,

which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Because the undersigned finds the petition to be untimely, no evidentiary hearing is warranted.

### C. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1. The clerk shall docket as exhibits to this Report and Recommendation the state docket sheets in 1989 CF 279 from Gadsden County and 1989 CF 1458 in Leon County; the online list of First DCA cases by Richardson; the docket sheets for First DCA cases 1D09-5130 and 1D09-6096 and the online list of Supreme Court cases filed by Richardson.

2. The clerk shall send a copy of the Amended Petition and this Report and Recommendation and attachments thereto to the Respondent Mark Inch by providing a copy of same to the Secretary and to the Attorney General. These copies are being provided for purposes of notifying the Secretary of this Report and Recommendation *only* and should not be considered as service of the Amended Petition on the Secretary.

3. The clerk shall terminate Ashley Moody as a respondent.

Additionally, it is respectfully RECOMMENDED that:

1. The amended petition under 28 U.S.C. § 2254, ECF Doc 12, be dismissed as untimely, without an evidentiary hearing.

2. A certificate of appealability be denied.

Case No. 4:20cv547-WS-HTC

3. The clerk be directed to close the file.

DONE in Pensacola, Florida this 8th day of March, 2021.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**